MARSHALL and wife *v.* RICE & Co.

(*Nashville.*    March 1st, 1887.)

USURY.    *Loan of U. S. bonds.*

A contract by which a party lends United States bonds, and the borrower agrees to pay over to the owner the interest paid by the Government thereon, and six per cent. in addition, is not usurious.

Code cited: §§ 1943, 1944 (T. & S.) ; §§ 2700, 2701 (M. & V.)

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. A. G. MERRITT, Ch.

J. A. CARTWRIGHT, ALLEN & COVINGTON, and J. L. MARSHALL, for Marshall and wife.

WILKIN & CHAMBERLAIN, and C. T. SWANSON, for Rice & Co.

TURNEY, C. J.   The following contract was made between Mrs. Lyle (now Mrs. Marshall) and G. Rice & Co.:

"Received, Nashville, August 9th, 1871, of Mrs. Maria Lou Lyle, one United States bond for $1,000, No. 165,810; also one thousand U. S. bond No. 879,748, making together two thousand dollars, the

interest arising on said bonds, which are due January 1st, 1872, belonging to said Mrs. Maria Lou Lyle, and any interest thereafter also, if said G. Rice & Co. and Mrs. Lyle agree that G. Rice & Co. shall keep said bonds after January, 1872. The interest every six months is thirty dollars in gold on each of said bonds, which we will pay to Mrs. Lyle. G. RICE & CO.,

"J. M. PATTERSON, *Surety.*"

" N. B.—We also agree to pay six per cent. interest on the above-named bonds outside of the interest accruing on them. G. RICE & CO."

A mortgage on seven lots was executed by Rice & Co. simultaneously with the above agreement. Several payments were made in pursuance of the contract. Demand was made for the bonds, and refused, and this bill is filed to foreclose the mortgage. The defense is usury.

Our statute (Code, §§ 1943–4) provides as follows:

" Interest is the compensation which may be demanded by the lender from the borrower or the creditor from the debtor for the use of money. The amount of said compensation shall be at the rate of six dollars for the use of one hundred dollars for one year, and every excess over that rate is usury."

Under this statute usury can only obtain in transactions for money or the use of it.

Can this be properly called a loaning of money, there being no evidence of a purpose or device to avoid the usury laws. We think not. We know

that money has a fixed value. Bonds have not. They are, while negotiable securities, only chattels with variable values—sometimes at a discount and at others at a premium. The value of the class of bonds before us has been fluctuating. Hence it is claimed the bonds were, at the time of the negotiation, worth a premium of fourteen and one-half cents on the dollar. Rice & Co. were dry goods merchants, and it may be inferred the bonds were readily available as a basis for raising means for their business, or as vouchers of their credit, and we do not doubt they were so used and so intended to be used at the time of their procurement. Upon their faith goods, money, and credit could be had. The face of the contract, though inartistic, shows, with reasonable certainty, that the bonds were to be returned on the 1st of January, 1872, unless the parties should agree to a longer holding.

The contract was merely one of renting or hiring, and was as legitimate as would have been the hiring of a horse or the renting of a house and lot, with the agreement that the party might pledge or sell, but at the same time undertaking, with security, the return of the property in kind to the orignal owner, or account for its value.

In another view this is not a case of usury. There was no agreement to part with the six per cent. gold interest to be paid by the Government. Rice & Co. were merely the agents of Mrs. Lyle to collect that and pay it over to her. In real-

ity they were only bound for the six per cent. they agreed to pay for the use of the bonds, so that if we treat the bonds as money loaned, the interest is lawful. The fact that the bonds were drawing no interest can make no difference. They were useful as money to Rice & Co. They could be, and no doubt were, worth more than six per cent. to them.

To permit them to say in defense of this suit that the bonds drew no interest would be in substance holding that the borrower of $2,000, at six per cent., should be relieved of interest if he show that he kept the money in his drawer, without use, during the time of the loan. The bank bill or the gold or silver dollar will of itself or on its face draw no more interest than one of these bonds. The interest of both comes from their use, and is inherent in neither. If Mrs. Lyle thought proper to invest her bonds in an interest loan at lawful rate, but the borrowers kept them idle, they, and not she, must bear the loss.

The defendants are liable to pay the coupons at their gold value when due, the six per cent. they promised to pay on the face value of the bonds and the market value of the bonds, at the date of demand, credited by the several payments proven.

The exceptions to the report of the Commission are allowed, and the decree reversed.